NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4463-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

CHRISTOPH L. FRAZER, a/k/a
ENERGETIC, CHRISTOPHER OUSLEY,
CHRIS OUSLEY and CHRISTOPH FRAZER,

 Defendant-Appellant.

_______________________________

 Submitted July 18, 2017 – Decided July 26, 2017

 Before Judges Reisner and Suter.

 On appeal from the Superior Court of New
 Jersey, Law Division, Monmouth County,
 Indictment No. 14-09-1655.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Paul B. Halligan, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

 Christopher J. Gramiccioni, Monmouth County
 Prosecutor, attorney for respondent (Carey J.
 Huff, Assistant Prosecutor, of counsel and on
 the brief).
PER CURIAM

 Defendant Christoph L. Frazer1 appeals from his conviction,

based on his guilty plea to second-degree possession of a

controlled dangerous substance with intent to distribute, N.J.S.A.

2C:35-5(b)(2). Defendant does not appeal from the sentence imposed

- seven and one-half years in prison with a forty-five month parole

bar. His appeal focuses exclusively on the denial of his

suppression motion, and presents the following point of argument2:

 THE AFFIDAVIT DID NOT PROVIDE PROBABLE CAUSE
 TO SEARCH THE DEFENDANT'S HOME AND CAR BECAUSE
 THE VERACITY AND BASIS OF KNOWLEDGE OF THE
 CONFIDENTIAL INFORMANT UPON WHICH THE
 AFFIDAVIT RELIED WAS NOT ESTABLISHED. THUS,
 THE TRIAL COURT ERRED IN DENYING THE MOTION
 TO SUPPRESS.

 The motion focused on a search warrant affidavit signed by

Sgt. Otlowski. He attested that he had received information from

a confidential informant (CI), who had previously been found

reliable, concerning defendant's drug dealing activities at two

specified addresses in Freehold. Otlowski also attested to his

own observations of defendant at the two locations, engaging in

1
 Defendant's first name is spelled "Christopher" in some
portions of the record; we use the spelling reflected in the
judgment of conviction.
2
 Defendant's plea agreement reserved his right to appeal on other
issues. However, he has not briefed those issues, and therefore
we will not address them.

 2 A-4463-15T3
activity typical of drug dealing. Thereafter, according to

Otlowski, the CI successfully completed four purchases of drugs

(controlled buys) from defendant, which took place under police

surveillance. The court issued a search warrant based on that

affidavit.

 In support of his motion for a Franks3 hearing, defendant

submitted an affidavit denying that he engaged in drug dealing.

He also attested that when Otlowski arrested him, the officer told

defendant that he knew defendant had a large amount of cocaine in

his house and Otlowski would shoot defendant "if his kids ever got

a hold of this stuff." Defendant claimed that Otlowski's affidavit

contained false information. He argued that Otlowski's version

of events was suspect because the officer did not create any police

reports concerning the investigation preceding the warrant

application. He also argued that the investigation concerned

cocaine, but the resulting search pursuant to the warrant "only"

turned up heroin and marijuana.

 In a thorough written opinion, Judge John T. Mullaney, Jr.

rejected those arguments, finding that there was probable cause

for the issuance of the search warrant and defendant's

"uncorroborated factual assertions" did not entitle him to a Franks

3
 Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d
667 (1978).

 3 A-4463-15T3
hearing. After reviewing the record in light of the applicable

standard of review, we affirm for the reasons stated by Judge

Mullaney. Defendant's appellate arguments are without sufficient

merit to warrant discussion, beyond the following brief comments.

R. 2:11-3(e)(2).

 On this appeal, defendant argues that Otlowski's affidavit

failed to detail the CI's prior activity which caused the police

to find him reliable. Defendant does not address the CI's

subsequent four successful controlled buys, which, together with

Otlowski's own observations of defendant's activity, provided a

more than adequate basis for a finding of probable cause to issue

the warrant. See State v. Jones, 179 N.J. 377, 390-92 (2004).

 Affirmed.

 4 A-4463-15T3